# Charles *v.* Abell.

[ FEBRUARY 26, 1848. ]

A discharge on *habeas corpus* puts an end to a criminal prosecution, so as to enable the defendant therein to maintain an action for malicious prosecution.

ACTION on the case, for *malicious prosecution.* On a motion to discharge the defendant on common bail, it appeared that the plaintiff, who was defendant in the criminal proceeding, had been discharged on *habeas corpus,* which, it was argued, was not such a determination of the prosecution as would enable the plaintiff to maintain this action.

BELL, J.—It must be acknowledged that the law on this subject has undergone many alterations in modern times. It seems to be now agreed that if a grand jury ignore the bill, it is sufficient to maintain the action. But this rule has been still further modified, and it is settled that if a party is brought before an examining magistrate and discharged, though the proceeding might be again renewed, still, in point of law, that prosecution is ended, and the party may maintain the action for malicious prosecution. There is a precedent of a declaration in Chitty's Pleadings, in an action brought under such circumstances. There is no difference in point of principle and practice between a discharge by a committing magistrate, and a discharge by a judge who examines the case upon *habeas corpus.* It as

[ Charles *v.* Abell.]

effectually puts an end to the prosecution, as if the defend-
ant were discharged by a magistrate—although a new
charge may be afterwards made. The motion to discharge
on common bail is therefore refused.*

* In the district court for the city and county of Philadelphia, the practice
is directly contrary to the ruling of Judge Bell, in the foregoing case; it is
there held, that a discharge on *habeas corpus* does not end the prosecution:
it only relieves the defendant from imprisonment, but he may still be in-
dicted on the original complaint. *Schopffel* v. *Kleinz,* Nov. 11, 1848, MSS.
And this view of the law appears likewise to be held by the court of com-
mon pleas of Philadelphia county: in *Commonwealth* v. *Ridgway,* 2 Ash 258,
Judge King said :—"I rejoice that our judgment" (discharging the defendant
on *habeas corpus*) "is not conclusive of the subject: the sole effect of this de-
cision is, that, in the present state of the evidence, we see no sufficient cause
to hold the defendant to bail. It is still competent for the proper public offi-
cer to submit the case to the grand jury: that respectable body are entirely
independent of us; they may form their own view of the prosecutor's case,
and may, if their judgment so indicates, place the defendant on his trial."
See, also, the remarks of Judge Randall, in the same case, 2 Ash 256; and
1 Am. Lead. Cases 231.